## FUCHS v. RATLIFF.

No. 11239—Opinion Filed July 17, 1923.

### Appeal and Error—Failure to File Brief— Disposition of Cause—Reversal.

Where counsel for plaintiff in error, in conformity with the rules of this court has prepared, served, and filed a brief, in which with other contentions, it is insisted that the judgment and verdict appealed from are not reasonably supported by the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by Arthur Ratliff against August Fuchs. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

T. R. Wise, for plaintiff in error.

Opinion by MAXEY, C. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to enjoin the removal of certain improvements from land alleged to belong to the plaintiff below. There was judgment for the plaintiff, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error has filed his brief, complaining of certain errors alleged to have been committed by the court below, and on these errors has presented to this court many grounds why the judgment of the court below should be reversed, among which it is insisted that the court committed error in refusing to permit the defendant below, plaintiff in error, to introduce testimony showing that he had leased the premises in controversy from the grantor of plaintiff below and that he had a contract, partly oral and partly written, whereby he was to have the right to remove the improvements he placed on the premises during the term of his lease from the premises at the termination of his lease, and that the trial court refused to permit him to introduce such testimony. There is no brief on file on behalf of the defendant in error, although more than 30 days have expired since counsel for defendant in error was served with the brief of plaintiff in error. No excuse has been offered by counsel for defendant in error for not filing a brief in the case.

We have examined the contention of counsel for plaintiff in error and the authorities cited in support thereof, and at least some of them seem to the court to be well taken. This court has held a great many times, that, where plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed his brief, in which with other contentions, it is insisted that the judgment and verdict appealed from are not reasonably supported by the law and the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance

with the prayer of the petition of plaintiff in error.

Following those cases, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.